1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14

| | |
|---|---|
| JAMES DUFF LYALL, JAVIER CORTEZ, D'ANGELO JONES, MAGNOLIA BECERRA, SASHA COSTANZA-CHOCK, JOSEPH HOLLIDAY, and BENJAMIN WOOD, individually and as class representatives, | Case No. CV 09-07353 PSG (MANx)  **PROTECTIVE ORDER REGARDING DISCLOSURE OF LAPD RECORDS**  <u>DISCOVERY MATTER</u> |

15

Plaintiffs,

16

vs.

17

CITY OF LOS ANGELES, a public entity; LOS ANGELES POLICE DEPARTMENT, a local governmental entity; WILLIAM BRATTON, Chief of Police, individually and in his official capacity; DAVID ROSS (#33632), individually and in his official capacity; JOHNNY CERVANTES (#27374), individually and in his official capacity; NICHOLAS CHO (#39259), individually and in his official capacity; ANGEL GUERRA (#31815), individually and in his official capacity; JINHO KANG (#39151), individually and in his official capacity; and DOES 1 through 10, both in their personal and official capacities,

18
19
20
21
22
23
24
25
26

Defendants.

27
28

/ / /

Based on the proposed Stipulation Re: Discovery and Request for Protective ORDER, which was executed by plaintiffs and defendants, City of Los Angeles and the Los Angeles Police Department ("LAPD") and then filed on July 23, 2010, the terms of parties' proposed the Protective Order Regarding Disclosure of LAPD Records are adopted as an order of this Court.

The parties are expressly cautioned that the designation of any information, document, or thing as CONFIDENTIAL does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal.  Accordingly, reference to this Protective Order or to the partes' designation of any information, document, or thing as CONFIDENTIAL is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as CONFIDENTIAL does not – without the submission of **competent evidence**, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectible - constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each type of information, document, or thing sought to be filed under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.

Again, **competent evidence** supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectible in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectible portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**A.    ITEMS COVERED BY THIS PROTECTIVE ORDER**

1.  The protective order applies to the following:

a.  The LAPD's internal investigation regarding the incident (IA Report 08-005785 and notes);

b.  Recorded interviews of any LAPD officer, including but not limited to defendants Nicholas Cho and Johnny Cervantes;

c.  TEAMS reports, complaint search results, and complaint histories; and,

d.  A current photograph of each City of Los Angeles agent or employee who was present at the time and place of the incident.

2. Should any party wish to stamp any of the above records as "CONFIDENTIAL" that party may not stamp the records in such a way as to cover any written portion of the records. The documents must remain completely legible.

**B.  USE OF RECORDS**

1.  Absent further order of the Court, the protective order will remain in effect until commencement of trial.

2.  The items covered by this protective order may be used for this case only, and not for any other purpose whatsoever.

3.  Items covered by this protective order, including any related copies, summaries, extracts, notes, photographs, memos, audiotapes and transcripts, shall not be disclosed, except to the following persons:

        a.    The attorneys of record, including legal assistants, paralegals, investigators and clerical employees working under counsel's supervision, as well as outside copying, graphic, computer services, and court reporters performing services in connection with this action;

        b.  Experts, consultants, investigators and their employees, retained and/or consulted by the attorneys of record to assist in the preparation of this action;

        c.  The parties, including their officers, agents and employees who are directly assisting counsel with the conduct or resolution of this action;

        d.  Witnesses while being examined by counsel at a deposition or trial. However, if the item is attached as an exhibit to a deposition transcript, the copy attached as an exhibit shall be redacted to omit names, birth dates, social security numbers, and addresses.

4.  Before any disclosure of the items covered by this protective order, they will inform any person identified in Paragraph 2 above, of the terms of the protective order.

5.  If any party wishes to disclose items covered by this protective order to any person other than those listed in Paragraph 2, above, that party shall give written notice to the non-disclosing party so that the non-disclosing party can make a motion to prevent the disclosure.  The party wishing to disclose the information will not to do so unless and until agreement with the other party is reached, or the other party's motion is ruled on by the court.  If however, the other party does not file its motion within two weeks of the notice, the party wishing to disclose the information may deem the issue to have been abandoned.

6.  Upon final determination of this action, whether by judgment, settlement or otherwise, including all appeals, and upon the producing party's request, Plaintiffs shall return those items, along with all copies, to the producing party. Any messenger or postage fees shall be paid by the requesting party. In the alternative, the producing party may request the items be destroyed.

**C. OTHER**

1.  Plaintiffs shall not file a document subject to the protective order absent conformity with the Local Rule 79-5, or a court order granting leave to file as a public record.

2.  Defendants shall produce the items covered by this Order within five court days of the entry of this protective order.

3.  The execution of this protective order shall not preclude any party from moving the court for other or further protective orders during this action.

4.  This protective order is subject to amendment and modification by further stipulation among counsel and/or by order of the Court.

*IT IS SO ORDERED.*

DATED:      August 13, 2010

_____
**MARGARET A. NAGLE**
United States Magistrate Judge